## Gustave Riebe v. George A. Hellman.

1. BOARDS OF TRADE—"*Ringing up.*"—The closing up of transactions on a board of trade, for the purchase and sale of grain, by setting off one trade against another—in the parlance of the exchange, "ringing up"—is not necessarily illegal.

**Bill to Recover Margins.**—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

### STATEMENT OF THE CASE.

This was a suit brought by Gustave Riebe against George A. Hellman under sections 130, 131 and 132, chapter 38 of the Revised Statutes, to recover $4,200 in cash and $2,600 in securities deposited by Gustave Riebe with George A. Hellman as margins in certain purchases of wheat, amounting in all to 35,000 bushels.

The court found against appellant, and entered a decree dismissing his bill.

WING, CHADBOURNE & LEACH, attorneys for appellant.

D. M. KIRTON, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Counsel for appellant say that the testimony on the trial in the court below was conflicting in the extreme. Counsel contends:

"First.  That George A. Hellman never purchased, had, or sold one bushel of wheat for Gustave Riebe.

Second.  That H. C. Gray, through whom Hellman claims to have effected Riebe's business, never delivered one bushel of wheat to Gustave Riebe, or to anybody for him."

We have examined the record as to these matters, and do not find that it sustains the contentions of appellant.

Appellant wrote the following letter:

"CHICAGO, August 30, 1895.

Geo. A. Hellman, Esq., City.

DEAR SIR: Please deliver to Rosenbaum Brothers of this city the 35,000 bushels of wheat that you have bought for my account for September delivery, and they will pay you for the same.

Please give them particulars at what prices this wheat is coming.

Yours truly,

GUSTAVE RIEBE."

Appellee testified: "In pursuance of this order, I went to Rosenbaum's office with my son and told them that Mr. Riebe had given me orders to deliver to them 35,000 bushels of wheat which, I had bought through Mr. Gray, and Mr. Gray would deliver the 35,000 bushels of wheat to them at sixty-four cents per bushel, and they said that was all right; that Mr. Riebe had been there and that they would take the wheat at sixty-four cents.  That was the price at which the balance of $177.90 was due Mr. Riebe."

Mr. Uhlman, a clerk for Rosenbaum Brothers, corroborated appellee and testified to the reception by Rosenbaum Bros. from him of 35,000 bushels of wheat for appellant. Mr. Gray also testified to the purchase and delivery of this wheat.

Appellee wrote to appellant as follows:

"GEORGE A. HELLMAN,

Commission Merchant, Room 511 Rialto Building.

CHICAGO, August 7, 1895.

Gustave Riebe, 34 Wabash Ave., City.

DEAR SIR: Referring to our conversation last night, in

reference to your 35,000 of September wheat, which will be delivered on or about the 1st of September, I would say to you that I shall carry your wheat until the 1st of September, and then deliver it to you. I can carry only 5,000 bushels of cash wheat for you, for the other 30,000 bushels you must provide somewhere else, as my money is not sufficient to carry all the 35,000.

I need money in my business and can not pay out for all the wheat I bought for you. This was agreed upon at the time in June, as I bought it for you for July. I can positively not carry your wheat beyond the 1st of September, and I respectfully request you to find a place where the wheat can be delivered, and paid for when it comes in to me.

A reply is respectfully solicited at once.

Yours truly,

Geo. A. Hellman."

In response to this appellant wrote:

"Hotel Imperial, New York, 8—11, 1895. Mr. Geo. A. Hellman, Chicago.

Dear Sir: Reforwarded to here, I received your favor 7th inst. on yesterday.

You have an unwarranted apprehension concerning the care of the wheat on the first of next month.

I shall be at home in time to enable me to make suitable provision for the same.

Yours truly,

G. Riebe."

There is no dispute as to the law.

We have considered appellant's argument that the delivery notices in evidence, taken in connection with the testimony, show that appellee did not purchase this wheat, and do not agree with the conclusion arrived at by counsel.

Appellee could not have delivered 35,000 bushels of wheat to Rosenbaum Bros. for appellant, unless he, appellee, had purchased the same. If such wheat was not so delivered, it was a simple thing to have shown it. Appellant does not himself testify that Rosenbaum Bros. did not account to him for such quantity of wheat as received from appellee.

That in the purchase and sale of this wheat, that there was what is known as " ringing up," does not make the transaction illegal. Pardridge v. Cutler, 1st Dist. Ill. App., opinion filed February 1, 1897.

After the delivery of the wheat to Rosenbaum Brothers, as ordered by appellant, he received the balance due him and gave following receipt :.

"August 31, 1895.

Received from George A. Hellman $177.90, in full payment of balance due on account to date.

G. RIEBE."

The decree of the Circuit Court is affirmed.